The judgment of the court was pronounced by
Preston, J.
The plaintiff is the surviving wife of Urbain Lavergne, who died in the year 1843. The defendant is the tutor of their children, Syphroien and Urbain Lavergne. The deceased left an estate in community with his widow, which, being the common property of her and her children, was, under article 338 of the Civil Code, adjudicated to her on the 14th March, 1843, at the sum of $3285, its appraised value.
Ou the 17th of May, 1848, the mother was deprived, by judgment, of the tutrixship of her children, for sufficient legal reasons. Léon Thibodeaux, the defendant, was appointed their tutor, and brought suit against the plaintiff for an accountof her administration as tutrix, and had the balance in favor of the minors established at $903 68, by a judgment rendered by consent on the 19th of August, 1848, and has issued execution on the judgment.
The plaintiff, Louise Thibodeaux, has instituted this suit to enjoin the execution of the judgment. She alleges that Léon Thibodeaux is not tutor of the minors, the family meeting by which he was recommended not having been composed of the nearest relations of the minors. She further assumes that the suit, in which judgment was rendered against her, was a suit for a partition; and alleges that the tutor of the minors had no right to institute that suit, because not authorized by the judge, on the advice of a family meeting. She further alleges, that she is entitled to one-half of the estate of her deceased husband in her own right, and the usufruct of the other half during life or her widowhood; and in support of the last claim, invokes the act of the General Assembly approved the 25th March, 1844, relative to community property.
1.The Code, art. 1235, indeed provides that a tutor must be specially authorized to institute a suit for a partition. But the suit instituted by the tutor, the execution in which suit is now enjoined, was not a suit for a partition, but for an account from a former tutor, and the judgment is for the balance of the account.
2.If there was the irregularity alleged in the appointment of the tutor of the minors, it cannot be attacked in a suit for an injunction against the execution of a judgment rendered in favor of the minors against the plaintiff. The appointment should have been annulled in a formal suit instituted for that purpose. Nor can the plaintiff enjoin the judgment rendered in favor of the tutor against her, all the grounds alleged by her having existed and being known to her when she confessed the judgment against her. 5 L. R. 442. 2 Ib. 181. 8 N.S. 513. She could not even have appealed from the judgment rendered upon her confession, and partly executed by voluntary payment, as appears in evidence. C. P. 567. 14 L. R. 523.
3.The ground chiefly relied upon by the plaintiff in support of her injunction that, notwithstanding the adjudication to her of her children’s interest in their common property it remained undivided between them, is untenable. By the adjudication, the common became the separate property of the mother of *599 the minors, and she owed them the price in proportion to their interest in the property. Nor can she, as contended, renounce the adjudication made to her, the more especially as she has alienated part of the property adjudicated to her, and the tutor of the minors has also acted upon the adjudication by suing for and obtaining an account of the price. For the balance of the price, after liquidating the community and the accounts of the minors, he has obtained judgment against the mother.
As Substantially decided by this court in the case of Mills v. Falvey, — Ann. —, the new tutor was entitled to execution if the balance of the account was not paid, and especially as he gave security as required by law for the faithful administration of the minors’ property as their tutor.
The act of 1844, giving the surviving spouse during life, or while unmarried, the usufruct of the community of acquests is inapplicable to this case, having been enacted subsequently to the opening of the succession of the deceased husband and father of the parties.
It is therefore decreed, that the judgment of the district court be affirmed, with costs.